**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RODNEY A. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-01784-JMB |
| | ) | |
| ST. CHARLES COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Rodney A. Campbell's application to proceed in district court without prepaying fees or costs. Doc. 4. After reviewing Plaintiff's financial information, the Court grants the motion and assesses an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding in forma pauperis, the Court reviews his complaint under 28 U.S.C. § 1915(e). Based on initial review, the Court dismisses this action for failure to state a claim upon which relief may be granted.

### Initial Partial Filing Fee

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

At the time of filing his complaint, Plaintiff was a pretrial detainee at the St. Charles County Jail. In his Application, he states that he is not employed, has no income, and has received no money in the past twelve months. Doc. 4. In support of his Application, Plaintiff has submitted a non-certified inmate account statement showing one week of activity, from October 30, 2025 to November 6, 2025. Doc. 5. According to this statement, Plaintiff has no money in his account. The Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his six-month prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is

discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Based on a review of Court records, Plaintiff has filed more than 34 civil actions in this Court since December 2025. Most of these actions—approximately 26 of them—name St. Charles County or the St. Charles County Jail as a defendant.[1] Nineteen of these actions have been dismissed, and the remainder are still pending.

[1] *See Campbell v. St. Charles Cnty. Jail*, No. 4:25-cv-1902-ACL (E.D. Mo. filed Dec. 29, 2025); *Campbell v. Unknown,* No. 4:26-cv-24-JMD (E.D. Mo. filed Jan. 5, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-89-MAL (E.D. Mo. filed Jan. 21, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-152-HEA (E.D. Mo. filed Feb. 2, 2026); *Campbell v. St. Charles Cnty., Mo.*, No. 4:26-cv-162-AGF (E.D. Mo. filed Feb. 2, 2026); *Campbell v. Madison Cnty. Jail*, No. 4:26-cv-165-RHH (E.D. Mo. filed Feb. 2, 2026); *Campbell v. Johnson,* No. 4:26-cv-203-NCC (E.D. Mo. filed Feb. 6, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-205-SRC (E.D. Mo. filed Feb. 9, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-241-ZMB (E.D. Mo. filed Feb. 17, 2026); *Campbell v. St. Charles Cnty. Jail*, No. 4:26-cv-278-ZMB (E.D. Mo. filed Feb. 23, 2026); *Campbell v. St. Charles Cnty.*, No. 4:26-cv-346-MAL (E.D. Mo. filed Mar. 9, 2026); *Campbell v. Johnson*, No. 4:26-cv-444-NCC (E.D. Mo. filed Mar. 26, 2026); *Campbell v. Johnson*, No. 4:26-cv-588-HEA (E.D. Mo. filed Apr. 20, 2026); *Campbell v. Johnson*, No. 4:26-

## The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action against the St. Charles County Jail. He alleges that he is underweight and takes psychiatric medications. Although he informed the medical staff at the jail that his current medications have not been working, the jail has not adjusted his medications. He also states that he informed the medical staff that he is underweight, and "they still have not remedied either situation." Doc. 1 at 3. As a result, he states that his mental health and his body mass index continue to deteriorate. *Id.* Plaintiff has not alleged the relief that he seeks. When asked, "[W]hat you want the Court to do for you," Plaintiff does not respond. *Id.* at 5.

## Discussion

Plaintiff's complaint fails to state a plausible claim for relief against the St. Charles County Jail. The St. Charles County Jail is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam); *see also Ketchum v. City of W. Memphis, Ark.*,

---

cv-625-JSD (E.D. Mo. filed Apr. 27, 2026); *Campbell v. Johnson*, No. 4:26-cv-626-RHH (E.D. Mo. filed Apr. 27, 2026); *Campbell v. Johnson*, No. 4:26-cv-638-RHH (E.D. Mo. filed Apr. 28, 2026); *Campbell v. Johnson*, No. 4:26-cv-640-SPM (E.D. Mo. filed Apr. 28, 2026); *Campbell v. Johnson,* No. 4:26-cv-703-NCC (E.D. Mo. filed May 7, 2026); *Campbell v. Johnson*, 4:26-cv-706-JMB (E.D. Mo. filed May 6, 2026); *Campbell v. St. Charles Cnty.*, 4:26-cv-707-NCC (E.D. Mo. filed May 6, 2026); *Campbell v. Wattelet*, No. 4:26-cv-719-JMB (E.D. Mo. filed May 8, 2026); *Campbell v. St. Charles Cnty.*, No. 4:26-cv-735-MTS (E.D. Mo. filed May 11, 2026); *Campbell v. Byrnes*, 4:26-cv-746-MAL (E.D. Mo. filed May 13, 2026); *Campbell v. St. Charles Cnty.*, No. 4:26-cv-812-JSD (E.D. Mo. filed May 22, 2026).

974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such").

Even if the Court were to construe Plaintiff's complaint liberally as being brought against St. Charles County, it is still subject to dismissal. Section 1983 permits lawsuits against local governments for constitutional violations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). But *Monell* liability attaches only where the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018) (internal quotations omitted). Plaintiff has not asserted any challenged municipal policy, custom, or failure to train. Thus, even accepting Plaintiff's allegations as true, he has not stated a § 1983 claim against St. Charles County.

Additionally, to the extent Plaintiff might be seeking injunctive relief, such a claim is moot as he is currently incarcerated at the Lincoln County Jail.

For these reasons, the Court dismisses Plaintiff's action for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. (Doc. 4)

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $1.00 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 24th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE